## SUPREME COURT.

### How agt. FREAR.

Where an order of *arrest* has been granted, and remains in force after judgment, it is sufficient to support an execution against the *person*, unless the whole proceedings are *void*.

*New York Special Term, June*, 1861.

MOTION to set aside execution issued against the person.

BARNARD, Justice. Order of arrest was issued in this action, and the defendant arrested under it, who gave bail. No motion was made to discharge the order; judgment has been entered. Defendant now moves to set aside execution issued against the person, and the arrest thereon, because not warranted by the cause of action or judgment, or issued or allowed by order of the court, or of any one of the justices thereof.

An order of arrest having been granted, and remaining in force, is sufficient to support an execution against the person, unless, indeed, the whole proceedings were void. I have looked into the papers to ascertain whether they are void or not, and am of opinion that they are not. It is not necessary that the judgment should award execution against, or that it should appear from the judgment that the case is one in which an arrest is authorized; nor is it necessary that an execution against the person should be directed by a special order.

Defendant also moves to set aside the judgment, on the ground that the court had not jurisdiction of the subject matter. In whatever light the complaint is considered, the court had jurisdiction. It is either an action for an accounting, or an action for money had and received in a trust capacity.

Defendant also moves, on the merits, to have his default in not answering set aside, and for permission to come in and defend.

A similar motion has before been made, on substantially the same papers, and denied. It cannot be again renewed.

Motion denied, with $10 costs of motion.